IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIAN FOLCHER | : | CIVIL ACTION |
| | : | |
| v. | : | No.  06-4623 |
| | : | |
| APPALACHIAN INSULATION | : | |
| SUPPLY, INC.,  et al. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sanchez, J.**                                                    **May 24, 2007**

Appalachian Insulation Supply, Inc., its president, and a former employee, ask this Court to dismiss an age discrimination suit brought by, Adrian Folcher, 70,  a salesman  who alleges his age was the reason for his firing and he was replaced by a younger man.  Because I find neither allegation factually supported, I will grant summary judgment in favor of Appalachian Insulation, its President William K. Brinser, and the former employee, Justin D'Amelio.

## FACTS

Folcher was 66 and a well-respected salesman in the insulation business when Brinser hired him in 2002 as an insulation salesman with a territory in New Jersey, where Folcher lives, and the mid-Atlantic region.  Each year Folcher sold $2 million to $3.5 million worth of insulation for Appalachian Insulation, exceededing his sales goals, and earned $150,000 to $170,000.  Folcher alleges he was asked several times when he was planning to retire, advised by Brinser to "look toward the future," and was replaced by D'Amelio, a man in his early 30s.  Folcher states D'Amelio told customers Folcher was planning to retire and he, D'Amelio, would replace him. Appalachian Insulation contends Folcher was sloppy in placing orders, was responsible for more than half the

company's write-offs, and was disrespectful to Brinser, his wife, and the office staff.

Folcher was fired on April 14, 2006, Good Friday, after demanding a truck be unloaded and re-loaded because a customer's order for material needed Easter weekend changed. Harsh words were exchanged and Folcher was fired. When Folcher was fired the salesmen remaining at Appalachian were aged 64, 48, 46, and 59. D'Amelio was then 33. Folcher's former customers were served by Brinser and his wife, not by D'Amelio, who eventually left the company.

Folcher filed suit in New Jersey under the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 (2007) and the New Jersey Law Against Discrimination (NJLAD), N.J. Rev. Stat. § 10:5-1 *et seq.* (2007). Appalachian Insulation first removed the case to New Jersey District Court and then filed a motion for a change of venue to the Eastern District of Pennsylvania which was granted.

**DISCUSSION**

A motion for summary judgment will only be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of proving no genuine issue of material fact is in dispute. The court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997). Once the moving party has carried its initial burden, the nonmoving party must then "come forward with specific facts showing there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citing Fed. R. Civ. P. 56(e)). A motion for summary judgment will not be denied because of the mere existence of some evidence in support of the nonmoving party. *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). The

nonmoving party must present sufficient evidence for a jury to reasonably find for it on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The nonmoving party cannot rest on his allegations without "any significant probative evidence tending to support the complaint." *Id.*; *see also Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1989) (stating that a non-moving party must "adduce more than a scintilla of evidence in its favor . . . and cannot simply reassert factually unsupported allegations contained in its pleadings"). In considering a motion for summary judgment, a court does not resolve factual disputes or make credibility determinations and must view the facts and inferences in the light most favorable to the party opposing the motion. *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

In New Jersey, age discrimination claims under the ADEA and NJLAD are governed by the same standards and burdens of proof. *Monaco v. American General Assur. Co.,* 359 F.3d 296, 305 (3d Cir. 2004). Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The protection against age discrimination in the ADEA is "limited to individuals who are at least 40 years of age." *Id.* § 631(a). The NJLAD makes age discrimination unlawful, but does not limit its protections to persons at least 40 years of age. *Bergen Commercial Bank v. Sisler*, 723 A.2d 944, 957 (N.J. 1999) (holding the LAD's prohibition against age discrimination is broad enough to accommodate a claim of age discrimination based on youth).

In cases brought under either the ADEA or the NJLAD, the plaintiff's age actually must have played a role in the employer's decisionmaking process and had a determinative influence on the

outcome of that process. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000); *Monaco v. American General Assur. Co.*, 359 F.3d 296, 299 -300 (3d Cir. 2004).   Liability under the ADEA depends on whether age "actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

Discrimination may be proved by either direct or indirect evidence.  An ADEA plaintiff can meet this burden by presenting direct evidence of discrimination that meets the requirements of Justice O'Connor's controlling opinion in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), or presenting indirect evidence of discrimination that satisfies the familiar three-step framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Direct evidence of discrimination is assessed using a two-step burden-shifting test drawn from *Price Waterhouse*.  Folcher must present evidence "which if believed, proves . . . without inference or presumption . . . that decisionmakers placed substantial negative reliance on an illegitimate criterion  . . . in deciding to terminate his or her employment." *Bergen Commercial Bank*, 723 A.2d at 954 (internal quotation marks and citations omitted.)  If Folcher satisfies this "rigorous" standard, the burden shifts to the employer to show that it would have made the "same decision even in the absence of the impermissible consideration." *Id.*

Folcher offers two factual scenarios which he argues are sufficient to avoid summary judgment.  The first is the Brinsers's references to Folcher's retirement.  Isolated comments without an "accompanying suggestion [plaintiff]'s value to the company had diminished because of his age," are not discriminatory. *Wallace v. O.C. Tanner Recognition Co.*, 299 F.3d 96, 100 (1st Cir. 2002) (reasoning "company officials are permitted to gather information relevant to personnel planning without raising the specter of age discrimination").  Even a statement as overt as "the reason for

4

[plaintiff]'s termination was to replace her with a 'young chippie . . . .'" is not enough to prove animus. *Glanzman v. Metropolitan Management Corp.*, 391 F.3d 506, 513-15 (3d Cir. 2004) (itemizing the plaintiff's failings as an employee and holding "no rational jury could doubt that Metropolitan would have fired [plaintiff] even if it had not considered her age"). *See also* Montgomery v. John Deere & Co., 169 F.3d 556, 560 (8th Cir.1999) (stating an employer may make reasonable inquiries into an employee's retirement plans without discriminating); *Ziegler v. Beverly Enters.-Minn., Inc.*, 133 F.3d 671, 676 (8th Cir.1998) (holding the suggestion of retirement to an employee of retirement age who is not meeting expectations does not provide a reasonable basis for inferring age discrimination); *Thomure v. Phillips Furniture Co.*, 30 F.3d 1020, 1025 (8th Cir.1994) (concluding a remark that employee might want to retire did not reflect "discriminatory animus in the decisional process"). Frequently repeated and/or coercive inquiries, however, may give rise to a reasonable inference of an anti-age bias. *Calhoun v. Acme Cleveland Corp.*, 798 F.2d 559, 563 (1st Cir. 1986) (holding "repeated inquiries about resignation, demotion of the plaintiff, promotion of a younger person and the threat of onerous working hours if no resignation" viewed as a whole sufficient to constitute constructive discharge).

Folcher quotes the Brinsers as "mention[ing] several times, you're getting older, Ade, when are you going to retire? . . . you've got to look toward the future." Pl.'s Dep. Tr., 1/15/07, at 55. Folcher did not provide evidence linking the questions about retirement to the events of April 14, 2006 or any other complaints about his job performance. The comments by the Brinsers more closely resemble the isolated comments of *Glanzman* or *Montgomery* than the repeated statements in *Calhoun.* It is not unreasonable for an employer to ask an employee in his 70s if he is planning to retire. *Wallace*, 299 F.3d at 100. The comments, as recalled by Folcher, do not rise to the level

5

of coercive inquiries.  *Calhoun*,  798 F.2d at 563.

Statements are only evidence of discriminatory animus when made by a person involved in the decisionmaking process.  *Fakete v. Aetna, Inc.*, 308 F.3d 335, 339 (3d Cir. 2002).  Folcher testified, "They hired this young guy, not telling me anything about it, and he went around to customers saying, Ade's going to retire and I'm taking his place."  Pl.'s  Dep. Tr., 1/15/07, at 55.  Whatever D'Amelio said is not evidence of discrimination because the record shows he was not involved in the decision to fire Folcher.

Folcher also argued his high salary gave the Brinsers a reason to fire him.  He testified, "maybe they figured they were paying me too much money and they would pay this guy a lot less."  Pl.'s Dep. Tr., 1/15/07, at 56.  Folcher stated, "I can't prove any of that.  I don't know how they think."  *Id*.  The Supreme Court has held an employer may consider pension expense in making employment decisions without impermissibly discriminating on the basis of age.  *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 612 (1993).  Even if Folcher's testimony contained a greater degree of certainty than it did, his premise fails because salary is a permissible ground on which to make personnel decisions.  Folcher has failed to produce sufficient direct evidence Brinser fired him on account of his age to move to the second step of the *Price Waterhouse* test.  *Bergen Commercial Bank*, 723 A.2d at 954.

Appalachian Insulation also argues it is entitled to a "same actor inference," that is, when a person in a protected class is hired by the same person who later fires him, the defendant is entitled to an inference of non-discrimination.  *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996) (holding the plaintiff's evidence was insufficient as a matter of law to rebut the strong same-actor inference).  Although, the circuits are split, *see Wexler v. White's Fine Furniture, Inc.*,

317 F.3d 564, 573 (6th Cir. 2003) (collecting cases), the Third Circuit has come down against the inference. *See Waldron v. SL Indus., Inc.*, 56 F.3d 491, 496 n.6 (3d Cir. 1995) (noting the same-actor inference "is simply evidence like any other and should not be afforded presumptive value").

The three-step *McDonnell Douglas* framework also will not help Folcher prove his case circumstantially. Under *McDonnell Douglas*, Folcher first must establish he is over 40 years old, he is qualified for the position in question, he suffered from an adverse employment decision, and his replacement was sufficiently younger to permit a reasonable inference of age discrimination.[1] *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994). Folcher is over 40, he is qualified, and he was fired. Folcher argues, but fails to prove, he was replaced by a younger worker. Folcher believes D'Amelio was brought in to replace him; D'Amelio was not.

If Folcher could satisfy the prima facie standard, the burden would shift to Appalachian Insulation to articulate a legitimate, nondiscriminatory reason for firing Folcher. Appalachian Insulation points to Folcher's high number of write-offs, and his abuse of the Brinsers and the office staff which culminated in the confrontation on April 14, as reasons for Folcher's dismissal.

At the third step, the burden shifts back to the plaintiff to produce evidence demonstrating the employer's proffered reason is pretextual. Because Appalachian Insulation has articulated non-discriminatory reasons for firing Folcher, Folcher "has the opportunity to demonstrate that the employer's stated reasons were not its true reasons but were a pretext for discrimination." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir. 1995). Folcher must "submit evidence which: l)

---

[1] Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996).

casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or 2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause . . . ." *Fuentes*, 32 F.3d at 764.  *See also Lawrence v. National Westminster Bank New Jersey*, 98 F.3d 61, 65-66 (3d Cir. 1996) (citing *Fuentes* for the same proposition).  In sum, he must "present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision." *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005).

Folcher has not presented any evidence suggesting Appalachian Insulation's reasons for firing him were pre-textual.  He has offered no evidence, either direct or circumstantial, giving rise to an inference of animus sufficient to conclude Appalachian Insulation fired him for a discriminatory reason.  Even when I view all evidence and inferences in the light most favorable to Folcher, I conclude no reasonable juror would find age discrimination informed Appalachian Insulation's decision to fire Folcher.  *Anderson v. Liberty Lobby*, 477 U.S. at 249.  Additionally, the record shows D'Amelio was not involved in the decision making process.  For the forgoing reasons, I will grant judgment in favor of Appalachian Insulation and D'Amelio pursuant to Rule 56.

An appropriate order follows.